United States District Court
Middle District Tennessee

) Craig Cunningham
) Plaintiff, Pro-se
)
) v.   CIVIL ACTION NO.
)
) Local Lighthouse Corp, Richard Paik, Eric Oakley
) John/Jane Doe 1-10
) Defendants.
)

## Plaintiff's Amended Complaint

1. The Plaintiff in this case is Craig Cunningham, a natural person and was resident of Davidson County at all times relevant to the complaint, and currently has a mailing address of 5543 Edmondson Pike, ste 248, Nashville, TN 37211

2. Local Lighthouse Corp is a California corporation operating from 2975 Red Hill Ave # 100, Costa Mesa, CA 92626 and a registered agent of Brian M. Davis, 260 Newport Center Drive, ste 410, Newport Beach, CA 92660.

3. Richard Paik is a co-owner of Local Lighthouse who can be served at 2975 Red Hill Ave # 100, Costa Mesa, CA 92626

4. Eric Oakley is a Co-owner and CEO of Local Lighthouse who can be served at 2975 Red Hill Ave # 100, Costa Mesa, CA 92626.

5. John/Jane Does 1-10 are currently unknown persons or entities that are also liable for the calls in question.

## Jurisdiction

6. Jurisdiction of this court arises as the acts happened in this county

7. Venue in this District is proper in that the defendants transact business here, and the acts and transactions occurred here.
8. The Defendants regularly had calls placed for their benefit or on their behalf to Tennessee residents for the purpose of soliciting residents to buy their promotional products and services, and these products and services were regularly shipped to Tennessee residents.

**FACTUAL ALLEGATIONS**

9. Starting in 2015 and perhaps earlier, the Plaintiff recieved a phone calls to his cell phone that was initiatiated using an automated telephone dialing system and contained a pre-recorded message. Some calls were simply automated calls without pre-recorded messages. The Plaintiff never consented to being contacted using an automated telephone dialing system or pre-recorded message to his cell phone, nor was the call for any emergency purpose.
10. There were multiple caller ID's that were often spoofed for the number, for example 339-201-9314 which called the Plaintiff on 11/10/2015 and the Plaintiff's cell phone dialed was 615-212-9191. The 339 number was spoofed and was a disconnected phone number when the Plaintiff attempted to call it back. This spoofing indicates the willfull and knowing attempt to violate the law by the Defendants as they wanted to break the law and not get caught, hence the spoofing of the caller ID.

2

11. The pre-recorded message stated how they could help the Plaintiff's business get on the first page of Google.

12. The pre-recorded message failed to state the business name or entity that was calling as required by the TCPA, 47 CFR 64.1200(b) which states that all pre-recorded messages shall at the beginning of the message state clearly the identity of the business, individual, or other entity that is responsible for initiating the call.

## Unsolicited calls

13. A partial listing of the total calls is listed below with the dates and phone numbers used to place the calls to the Plaintiff's cell phone 615-212-9191 by the Defendant Local Lighthouse.

| Date | Number |
| --- | --- |
| 02/21/2013 | 516-340-9776 |
| 02/27/2013 | 516-340-9776 |
| 06/25/2013 | 206-397-1159 |
| 12/18/2013 | 201-243-3407 |
| 04/14/2014 | 714-233-3286 |
| 04/18/2014 | 615-326-4857 |
| 05/23/2014 | 615-326-4857 |
| 08/13/2014 | 615-326-4857 |
| 08/14/2014 | 458-201-1298 |
| 08/19/2014 | 458-201-1298 |
| 09/03/2014 | 615-326-4857 |
| 09/05/2014 | 615-326-4857 |
| 09/08/2014 | 615-326-4857 |
| 09/22/2014 | 714-233-3286 |
| 09/26/2014 | 458-201-1298 |
| 11/04/2014 | 615-326-4857 |
| 11/25/2014 | 206-397-1233 |
| 12/16/2014 | 423-248-2450 |
| 12/16/2014 | 423-248-2450 |
| 01/07/2015 | 423-248-2450 |
| 01/19/2015 | 206-397-1233 |
| 01/19/2015 | 206-397-1233 |
| 01/20/2015 | 720-862-3932 |
| 01/29/2015 | 321-710-6991 |
| 02/09/2015 | 206-397-1233 |
| 02/11/2015 | 321-710-6991 |

| | |
|---|---|
| 02/12/2015 | 541-237-8547 |
| 02/20/2015 | 415-842-9548 |
| 03/02/2015 | 615-326-4857 |
| 03/06/2015 | 615-326-4857 |
| 11/12/2014 | 360-322-6179 |
| 12/04/2014 | 360-322-6179 |
| 10/08/2014 | 360-322-6179 |

14. The Plaintiff is in the process of research additional calls and this is by no means an exhaustive list of all calls made by the Defendants.

**Corporate Officer liability**

15. The individual corporate officers Richard Paik and Eric Oakley are liable for the calls placed on behalf of their corporation. They are personally liable for the TCPA damages as they had direct, personal participation in causing the illegal telephone calls to be made as well as they directly authorized the illegal telemarketing calls to be made.

16. The individual corporate officers also failed to take efforts to implement appropriate policies or procedures designed to comply with the TCPA which makes them personally liable for the telephone calls made on their behalf and for their benefit.

17. The defendant officers have been put on notice by multiple consumer complaint, lawsuits by consumers, class action lawsuits, and even a lawsuit by Google, Inc. for improperly using Google's trademark and name. Still the defendant officers refused to alter their business practices and continued to place automated calls to consumers, including the Plaintiff.

4

18. These phone calls violated the TCPA in two ways, first by placing multiple automated telephone calls to the Plaintiff's cell phone in violation of 47 USC 227(b), and second by not conforming to the requirements of 47 USC 227(c)(5) and the FCC's rulemaking authority under 47 CFR 64.1200(d), which requires the defendants to have a written policy for maintaining a do-not-call list, failure to train agents and personnel engaged in telemarketing on the use of the do-not-call list, and the failure to identify the party placing the call or the entity for which the call is being placed. Each of the Defendants are jointly liable to the Plaintiff in the amount of $3,000 per call made, $1500 for violating 47 USC 227(b) and $1500 for violating 47 USC 227(c)(5).
19. The Plaintiff alleges direct liability for the listed corporations and the officers of the corporations. Additionally, the officers of the corporations have a direct role in the illegal conduct, authorizing it and ratifying the illegal telephone calls.
20. The officers of each and every listed corporation had direct, personal conduct in authorizing the telephone calls or oversaw and directed the telemarketing efforts for which their corporations benefitted. The officers set company policy and directed the marketing efforts of the respective companies.

**Actual Damages**.

21. Additionally, the Plaintiff has suffered annoyance, frustruation, anger, loss of cell phone use, reduced battery life of his cell phone due to the calls.

5

22. The Plaintiff has incurred an increased charges for electrical usage for more frequently charging of his cell phone due to the repeated calls by the Defendants.

## CAUSES OF ACTION:

## COUNT I

### Violations of the Telephone Consumer Protection Act (TCPA)

23. Plaintiff Cunningham incorporates by reference all of the above paragraphs of this complaint as though fully stated herein.

24. The foregoing actions by the Defendants constitute multiple breaches of the TCPA by using an autoated telephone dialing system to place calls to the Plaintiff's cell phone in violation of 47 USC 227(b). This entitles the Plaintiff to recover $1500 per call.

## CAUSES OF ACTION:

## COUNT II

### Violations of the Telephone Consumer Protection Act (TCPA)

25. Plaintiff Cunningham incorporates by reference all of the above paragraphs of this complaint as though fully stated herein.

26. The foregoing actions by the Defendants constitute multiple breaches of the TCPA by 47 USC 227(c)(5) by way of 47 CFR 64.1200(d) and failed to comply with the requirements to maintain and train employees on the use of a do-not-call list.

## PRAYER FOR DAMAGES AND RELIEFS

A. WHEREFORE, Plaintiff, Cunningham, respectfully prays and requests that judgment be entered against each and every defendant for the following:

B. Statutory damages of $3000 for each phone call for each defendant mentioned in the call

C. Actual damages as determined at trial

D. Pre-judgment interest from the date of the phone calls

E. Attorney's fees for bringing this action; and

F. Costs of bringing this action; and

G. For such other and further relief as the Court may deem just and proper

I, Craig Cunningham, Affiant, hereby attest to and certify that the facts contained in the foregoing complaint are true and correct to the best of my knowledge, information and belief and that a true and correct copy of the foregoing was sent to the defendants in this case.

Respectfully submitted August 24th, 2016

Craig Cunningham Plaintiff, Pro-se, 615-348-1977

5543 Edmondson Pike, ste 248, Nashville, TN 37211

