UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| CRAIG CUNNINGHAM,<br><br>    Plaintiff,<br><br>v.<br><br>LOCAL LIGHTHOUSE CORP.; RICHARD PAIK, ERIC OAKLEY, JOHN/JANE DOES 1-10,<br><br>    Defendants. | Case No. 3:16-cv-02284<br><br>Judge Trauger<br>Magistrate Judge Newbern |

To: The Honorable Aleta A. Trauger, District Judge

## REPORT AND RECOMMENDATION

Pending before the undersigned magistrate judge is a motion filed by individual defendants Richard Paik and Eric Oakley (Defendants) to dismiss the claims brought against them in this action for lack of personal jurisdiction under Federal Rule of Civil Procedure 12(b)(2). (Doc. No. 11.) Cunningham has filed a response in opposition. (Doc. No. 14.) Defendant Local Lighthouse Corporation is not a party to this motion.

For the reasons given below, the undersigned RECOMMENDS that Defendants' motion to dismiss be GRANTED.

### I.    Statement of Facts

Plaintiff Craig Cunningham brought this action pro se under the Telephone Consumer Protection Act (TCPA), 47 U.S.C. § 227, *et seq*. Cunningham alleges that, "starting in 2015 and perhaps earlier" he received calls to his cell phone from Local Lighthouse Corporation that "were automated calls with pre-recorded messages." (Doc. No. 1, PageID #2.) Cunningham states that

he "never consented to being contacted using an automated telephone dialing system or pre-recorded message to his cell phone." (*Id.*) The "message[s] failed to state the business name or entity that was calling." (*Id.* at PageID #3.) When Cunningham attempted to return calls to these numbers, he was met with a "disconnected phone number." (*Id.* at PageID# 2.)

Cunningham makes a number of allegations regarding "corporate officer liability." (*Id.* at PageID #4.) He alleges that Defendants Paik and Oakley "had direct, personal participation in causing the illegal telephone calls to be made as well as they directly authorized the illegal telemarketing calls to be made." (*Id.*) He states that "[t]he individual corporate officers also failed to take efforts to implement appropriate policies or procedures designed to comply with the TCPA." (*Id.*) Cunningham further alleges that "the officers of the corporations [sic] have a direct role in the illegal conduct, authorizing it and ratifying the illegal telephone calls." (*Id.* at PageID #5.) Therefore, Cunningham concludes that Defendants, as co-owners of Local Lighthouse Corporation, "had direct, personal conduct in authorizing the telephone calls or oversaw and directed the telemarketing efforts for which their corporations [sic] benefitted." (*Id.*)

Defendants have moved to dismiss Cunningham's claims against them, arguing that they are not subject to this Court's jurisdiction because they do not have sufficient contacts with the State of Tennessee. (Doc. No. 11, PageID #43.) Defendants' accompanying affidavits state that they: (1) have no contacts with Tennessee; (2) "reside and work in California"; (3) "have never lived in the State of Tennessee"; (4) "never personally directed any individual to call or contact the Plaintiff;" and (5) "never personally called, contacted, or attempted to call the Plaintiff." (Doc. No. 12-1, PageID #53–55.) Defendants' affidavits further state that neither Paik nor Oakley had any expectation that he "would be sued in Tennessee as an individual defendant in relation to any actions of Local Lighthouse." (Doc. No. 12-1, PageID #54, 55.)

## II.     Legal Standard

Motions to dismiss for lack of personal jurisdiction are brought under Federal Rule of Civil Procedure 12(b)(2). Fed. R. Civ. P. 12(b)(2).  In deciding a Rule 12(b)(2) motion, a court may proceed in one of three ways: it may (1) decide the motion on the pleadings and supporting affidavits, (2) permit discovery to aid in deciding the motion, or (3) conduct an evidentiary hearing to resolve any apparent factual disputes. *Theunissen v. Matthews*, 935 F.2d 1454, 1458 (6th Cir. 1991). Cunningham, as the party asserting personal jurisdiction over Defendants, bears the burden of showing that it exists. *CompuServe, Inc. v. Patterson*, 89 F.3d 1257, 1261–62 (6th Cir. 1996). However, when there is no dispute of fact requiring an evidentiary hearing, a plaintiff "need only make a prima facie showing of jurisdiction" to defeat the motion. *Dean v. Motel 6 Operating L.P.*, 134 F.3d 1269, 1272 (6th Cir. 1998) (quoting *CompuServe*, 89 F.3d at 1262). A plaintiff may make a prima facie showing by "establishing with reasonable particularity sufficient contacts between [a defendant] and the forum state." *Neogen Corp. v. Neo Gen Screening, Inc.*, 282 F.3d 883, 887 (6th Cir. 2002) (quoting *Provident Nat'l Bank v. Cal. Fed. Sav. Loan Ass'n*, 819 F.2d 434, 437 (3d Cir. 1987)).

The court must review the affidavits, pleadings, and related documents in the light most favorable to the plaintiff. *Theunissen*, 935 F.2d at 1459. The court will not weigh any "controverting assertions" that Defendants may make in support of their motion, so as to prevent the avoidance of personal jurisdiction simply by filing affidavits that deny the jurisdictional facts a plaintiff asserts. *CompuServe*, 89 F.3d at 1262 (quoting *Theunissen*, 935 F.2d at 1459). Rather, "[d]ismissal in this procedural posture is proper only if all the specific facts which [Cunningham] alleges collectively fail to state a prima facie case for jurisdiction." *Id.*

## III.     Analysis

The Due Process Clause requires that the court's personal jurisdiction over a defendant be established before an action may proceed against him. *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 291 (1980). "Where a federal court's subject matter jurisdiction over a case stems from the existence of a federal question, personal jurisdiction over a defendant exists if the defendant is amenable to service of process under the [forum] state's long-arm statute and if the exercise of personal jurisdiction would not deny the defendant[s] due process." *Bird v. Parsons*, 289 F.3d 865, 871 (6th Cir. 2002) (quoting *Mich. Coal. of Radioactive Material Users, Inc. v. Griepentrog*, 954 F.2d 1174, 1176 (6th Cir. 1992)) (first alteration in original) (internal quotation marks omitted). Tennessee's long arm statute, found at Section 20-2-214 of the Tennessee Code Annotated, states that a Tennessee court may exercise jurisdiction over an out-of-state defendant on "[a]ny basis not inconsistent with the constitution of this state or the United States." *Id.* § 20-2-214(a)(6). Because Tennessee's long-arm statute has been interpreted to reach the highest limit of federal due process, "the court need only determine whether exercising personal jurisdiction violates constitutional due process." *Bridgeport Music, Inc. v. Still N The Water Publ'g*, 327 F.3d 472, 477 (6th Cir. 2003).

Personal jurisdiction may be asserted generally in cases where the defendant has such systemic and continuous contacts with the forum state that he may be subject to suit in that state even if the cause of action is unrelated to those contacts. *Bird*, 289 F.3d at 873. Cunningham does not assert that Defendants are subject to this court's personal jurisdiction generally. Rather, he asserts specific personal jurisdiction over Defendants based upon the phone calls that give rise to this action. (Doc. No. 1, PageID# 1–2.) "Specific jurisdiction is proper over [Defendants] only if their contact with Tennessee satisfies the three-part test established in *Southern Machine Company*

*v. Mohasco Industries, Inc.*" *Bridgeport Music, Inc.*, 327 F.3d at 477. Personal jurisdiction exists under the *Mohasco* test if: (1) the defendant purposefully avails himself of the privilege of acting in the forum state or causing a consequence in the forum state, (2) the cause of action arises from the defendant's activities there, and (3) the acts of the defendant or consequences caused by the defendant have a substantial enough connection with the forum state to make the exercise of jurisdiction over the defendant reasonable. *S. Mach. Co. v. Mohasco Indus., Inc.*, 401 F.2d 374, 381 (6th Cir. 1968).

## A. Purposeful Availment

Establishing purposeful availment of a forum state is a necessary first step to finding personal jurisdiction under the *Mohasco* test. *Intera Corp. v. Henderson*, 428 F.3d 605, 616 (6th Cir. 2005). Purposeful availment may be found when the defendant's contacts with the forum state "proximately result from actions by the defendant himself that create a 'substantial connection' with the forum State," and when "the defendant's conduct and connection with the forum State are such that he should reasonably anticipate being haled into court there." *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 474–75 (1985) (emphasis omitted) (quoting *McGee v. Int'l Life Ins. Co.*, 355 U.S. 220, 223 (1957); *World-Wide Volkswagen*, 444 U.S. at 297). Due to the "inescapable fact of modern commercial life that a substantial amount of business is transacted solely by mail and wire communications across state lines," a lack of physical presence in the state will not defeat jurisdiction "[s]o long as a commercial actor's efforts are 'purposefully directed' toward residents of another State." *Burger King*, 471 U.S. at 476 (quoting *Keeton v. Hustler Magazine*, 465 U.S. 770, 774–75 (1984)). "The acts of making phone calls and sending facsimiles into the forum, standing alone, may be sufficient to confer jurisdiction on the foreign defendant where the phone calls and faxes form the bases for the action." *Neal v. Janssen*, 270 F.3d 328, 332 (6th Cir. 2001);

*see also Vandenberg & Sons Furniture, Inc. v. Katchen*, No. 1:12-CV-1021, 2013 WL 504168, at *1, 4 (W.D. Mich. Feb. 12, 2013) (finding purposeful availment in TCPA action where defendant did not deny having sent at least one fax to the forum state).

Here, Cunningham alleges personal jurisdiction based upon the solicitation telephone calls he received in Tennessee from Local Lighthouse Corporation. To link Defendants Paik and Oakley to those calls, Cunningham alleges that Defendants: (1) "had direct, personal participation in causing the illegal telephone calls to be made as well as they directly authorized the illegal telemarketing calls to be made," (2) "failed to take efforts to implement appropriate policies or procedures designed to comply with the TCPA," (3) "refused to alter their business practices and continued to place automated calls to consumers," and (4) "authoriz[ed] and ratif[ied] the illegal telephone calls." (Doc. No. 1, PageID #4–5.) In response, Defendants state by affidavit that they (1) have no contacts with Tennessee, (2) "reside and work in California," (3) "have never lived in the State of Tennessee," (4) "never personally directed any individual to call or contact the Plaintiff," and (5) "never personally called, contacted, or attempted to call the Plaintiff." (Doc. No. 12-1, PageID #53–55.)

Cunningham does not argue that Defendants themselves made any telephone calls to Tennessee. Instead, he argues that Defendants, in their roles as corporate officers, caused those telephone calls to be made and did not make efforts to ensure they were made in compliance with the TCPA. (Doc. No. 1, PageID #4–5.) Cunningham points to paragraph eight of Local Lighthouse Corporation's answer as the heart of his argument, which states: "It is admitted that this Defendant [Local Lighthouse] has had some marketing calls placed to some Tennessee residents." (Doc. No. 10, PageID #38.) Cunningham argues that "[i]t is on the basis of their personal actions as corporate

officers and owners directing Local Lighthouse to call the Plaintiff" that personal jurisdiction over Defendants exists. (Doc. No. 14, PageID# 110.)

It is well-settled, however, that "jurisdiction over the individual officers of a corporation cannot be predicated merely upon jurisdiction over the corporation." *Weller v. Cromwell Oil Co.*, 504 F.2d 927, 929 (6th Cir. 1974). Personal jurisdiction must be established based upon corporate officers' individual acts on behalf of the corporation. *See Balance Dynamics Corp. v. Schmitt. Indus., Inc.*, 204 F.3d 683, 698 (6th Cir. 2000). For example, this Court has found purposeful availment by corporate officers in a case brought under the Tennessee Consumer Protection Act where individual defendants were alleged to have themselves "sent emails to a Tennessee company in furtherance of an allegedly fraudulent scheme," even though the emails were sent on behalf of the company. *Simplex Healthcare, Inc. v. Marketlinkx Direct, Inc.*, 761 F. Supp. 2d 726, 733 (M.D. Tenn. 2011). Personal jurisdiction over corporate officers has similarly been found in a TCPA action where the officers did not themselves place offending telephone calls but "were responsible for designing and implementing all activity by [the] telemarketers, including deliberately turning off all Do-Not-Call lists" and "personally received numerous emails concerning requests to stop the calls" but ignored them. *Ott v. Mortgage Investors Corporation of Ohio*, 65 F. Supp. 3d 1046, 1061 (D. Or. 2014). Conversely, personal jurisdiction has not been found in a TCPA action where the plaintiff did not plead the corporate officers' "personal involvement or knowledge of the alleged calls" and made only "conclusory allegation[s]" that the defendants "are corporate officers in control of the Defendant corporations." *Roylance v. Carney*, No. 5:13–CV–04258–PSG, 2014 WL 1652440, at *4 (N.D. Cal. Apr. 23, 2014).

Placed on this spectrum, Cunningham's argument in support of personal jurisdiction over Defendants falls closest to the last example. In the face of Defendants' motion to dismiss and

supporting affidavits, Cunningham must provide specific facts to make a prima facie case of personal jurisdiction. *CompuServe*, 89 F.3d at 1262. But Cunningham's allegations are based solely on Defendants' status as co-owners of Local Lighthouse and his conclusion that they must therefore have had an active role in directing calls to Tennessee. While he broadly alleges that Defendants "had direct, personal participation in causing the illegal telephone calls to be made as well as they directly authorized the illegal telemarketing calls to be made," (Doc. No. 1, PageID #4), Cunningham does not make these allegations with the "reasonable particularity" required to support a prima facie showing of personal jurisdiction. *Neogen Corp.*, 282 F.3d at 887 (citation omitted).

In a similar TCPA action brought by Cunningham in this Court, Cunningham argued for personal jurisdiction over individual corporate officer defendants based on allegations that include more specific statements of personal involvement than those made in this case. *See* Plaintiff's Second Amended Compl., *Cunningham v. Rapid Response Monitoring Servs., Inc.*, No. 3:15-cv-00846, 2017 WL 1489052 (M.D. Tenn. Apr. 26, 2017), ECF No. 57. This Court found no personal jurisdiction over those defendants and termed Cunningham's jurisdictional allegations "conclusory, self-serving, and woefully insufficient." *Id.* at *10. Cunningham's less-specific allegations in this case warrant the same conclusion.

Because purposeful availment is a necessary first step to establishing specific personal jurisdiction, the Court need not go any further in its analysis. *See LAK, Inc. v. Deer Creek Enters.*, 885 F.2d 1293, 1303 (6th Cir. 1989). Cunningham has not met his burden of establishing personal jurisdiction over Defendants Paik and Oakley. His claims against them should be dismissed.

**B. Recommendation**

For the foregoing reasons, the undersigned RECOMMENDS that Defendants' motion to dismiss Cunningham's claims against them for lack of personal jurisdiction (Doc. No. 11) be GRANTED.

Any party has fourteen (14) days after being served with this Report and Recommendation in which to file any written objections to it with the District Court. Any party opposing said objections shall have fourteen (14) days from the receipt of any objections filed in which to file any responses to said objections. Fed. R. Civ. P. 72(b)(2). Failure to file specific objections within fourteen days of receipt of this Report and Recommendation can constitute a waiver of further appeal of the matters disposed therein. *Thomas v. Arn*, 474 U.S. 140, 155 (1985); *Cowherd v. Million*, 380 F.3d 909, 912 (6th Cir. 2004).

Entered this 7th day of August 2017.

Alistair E. Newbern
U.S. Magistrate Judge